# NOS. 12-08-00443-CR
# 12-08-00444-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EARNEST JAI WARREN, JR.,* *APPELLANT* | § | *APPEALS FROM THE 173RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

## MEMORANDUM OPINION
### PER CURIAM

Earnest Jai Warren, Jr. appeals his convictions for possession of a prohibited substance in a correctional facility and for robbery. The trial court assessed punishment at ten years of imprisonment and a $1,000.00 fine in the prohibited substance in a correctional facility case, to run concurrently with eighteen years of imprisonment in the robbery case. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We dismiss Appellant's appeals.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous* in each case, stating that he has diligently reviewed the appellate records and is of the opinion that the records reflect no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well acquainted with the facts in these cases. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), Appellant's brief presents a chronological

summation of the procedural history of the cases, and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[1] We have reviewed the records for reversible error and have found none. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

#### CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw. *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We are in agreement with Appellant's counsel that these appeals are wholly frivolous. Accordingly, his motion to withdraw is hereby *granted*, and we *dismiss* these appeals. *See In re Schulman*, 252 S.W.3d at 408-09.

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek further review of these cases by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this opinion or the date the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in the case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; *In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered August 19, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[1] Counsel for Appellant certified in his motion to withdraw that he provided Appellant with a copy of this brief and that Appellant was advised of his right to file his own brief in these cases. The time for filing such a brief has expired and we have received no pro se brief.